UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FLEUR DE LIS, INC. d/b/a                    *        CIVIL ACTION
MAURICE'S FRENCH PASTRIES,
JEAN LUC ALBIN, and
EDNA MARLENE CHAUDOIR

versus                                      *        NO. 06-10458
                                                     c/w 06-10526

UNITED STATES FIDELITY & GUARANTY           *        SECTION "F"
COMPANY and POWELL INSURANCE AGENCY, INC.

                        ORDER AND REASONS

       Before the Court is plaintiffs' motion to remand.  For
the reasons that follow, the motion is GRANTED.

                          Background

       Hurricane Katrina damaged properties that Jean Luc Albin
and  Edna  Marlene  Chaudoir  leased  or  owned  for  its  business,
Maurice's  French  Pastries,  at  its  locations  in  New  Orleans  and
Metairie.  At the time of the storm, Maurice's French Pastries was
insured  through  a  casualty  insurance  policy  issued  by  St.  Paul
Travelers,  naming  United  States  Fidelity  &  Guaranty  Company
(collectively,  "Travelers")  as  the  insurer.    Powell  Insurance
Agency,  Inc.  was  plaintiffs'  agent  that  handled  the  sale  of  the
policy.   Travelers paid part of the plaintiffs' claim.

       Plaintiffs sued Travelers (a Connecticut citizen), USF&G
(a Maryland citizen), and Powell (a Louisiana citizen) in state
court on August 24, 2006.  Plaintiffs allege that Travelers, in bad

                              1

faith, breached the insurance contract by refusing to pay plaintiffs' policy limits.  As to Powell, plaintiffs claim that Powell negligently misrepresented its policy coverage and otherwise breached its duty to procure the proper insurance coverage.  On November 17, 2006, Powell filed a Notice of Removal to this Court, invoking this Court's federal question jurisdiction by contending that the suit "appears to include a claim for interpretation of a Standard Flood Insurance Policy."  On November 22, 2006, Travelers and USF&G filed a Notice of Removal to this Court, invoking the Court's diversity jurisdiction by contending that the local defendant, Powell, was improperly joined to defeat the Court's exercise of diversity jurisdiction.

Plaintiff now moves to remand.[1]  The defendants oppose remand.  Powell also moves for summary judgment on the ground that the plaintiffs' claims against it are perempted.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal

---

[1] Because Powell and Travelers filed separate notices of removal, one case was initially allotted to this Section and one to another Section of this Court.  The plaintiffs filed motions to remand in both sections.  However, the cases have since been consolidated and the Court treats the motions to remand as one motion.

question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006). This case is no different. The defendants have failed to show that this Court has subject matter jurisdiction.

### A.

Powell contends that this Court has jurisdiction because the suit "appears to include a claim for interpretation of a Standard Flood Insurance Policy issued by a write your own program carrier as part of its participation in the National Flood Insurance Program." The Court disagrees.

The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has been resolved. See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006)(Fallon, J.); Sullivan v. State

<u>Farm and Casualty Co., et al.</u>, 2006 WL 3332832 (E.D. La. Nov. 14, 2006) (Africk, J.).

Similar to the plaintiff's case in <u>Landry</u>,

"[t]he case at hand is a cause of action for errors and omissions of State Farm's agent relating to his alleged failure to obtain ... coverage for Plaintiff's home. State Farm's liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiff's claims do not result from, relate to, or arise from State Farm's compliance with FEMA regulations under an NFIP policy."

Powell acknowledges that the plaintiffs assert claims for, among other things, failure to procure adequate flood insurance. Powell insists that -- notwithstanding the judicial decisions in the Sections of this Court to the contrary -- all flood claims, including failure to procure flood insurance, should be governed and preempted by federal law. But Powell offers no sound reason for this Court to abandon the distinction that has been maintained by the Sections of this Court between flood claims regarding procurement versus handling or adjustment. Powell fails to convince the Court that the plaintiffs' claims arise from compliance with FEMA regulations under an NFIP policy. Rather, the plaintiffs' claims relate to asserted errors or omissions in the procurement of their insurance policy.

B.

Travelers invokes this Court's diversity jurisdiction based on its contention that Powell was improperly joined to defeat diversity jurisdiction. But Travelers fails to discharge its heavy

4

burden to show improper joinder.

In the state court petition, the plaintiff asserts that Powell, a local defendant, was the insurance agent who procured its Travelers insurance policy.  The plaintiffs assert that they specifically requested that they be covered for any losses from a potential storm that could cause power outages.  Indeed, Mr. Albin, Maurice's president and owner, submits an affidavit, stating that he specifically told Powell about his company's needs and requested that, in the event of a power outage from a storm, that perishable items in refrigerators be covered.  The plaintiffs contend that Powell, through John O'Brien and account representative, Christie Saleun, represented that the plaintiffs' property would be covered for such losses in the event of power outages.

Travelers, however, contends that the plaintiffs improperly joined Powell to deprive this Court of diversity jurisdiction:  Travelers says that the plaintiffs have no possibility of recovery from Powell under Louisiana law because Powell owed no duty to plaintiff under Louisiana law or, alternatively, any claims against Powell are perempted.

The Court finds that Travelers has failed to discharge its heavy burden to prove that Powell was improperly joined. Travelers contends that the plaintiffs have no possibility of recovery from Powell, the local defendant, under state law and that any such claims are preempted.  But the plaintiffs contend that Mr.

Albin continuously communicated with agents at Powell on a regular basis to ensure that Maurice's had full coverage including coverage that Mr. Albin says he specifically requested for spoilage in the event of a power outage.  At best, Travelers' submissions create an issue of fact relating to whether the plaintiffs can recover under state law.

Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that Travelers has not met its heavy burden in proving that the plaintiffs' claims are perempted or that it has no possibility of recovery from Powell under Louisiana state law.  Because the Court finds that the defendant has not met its burden in proving that Powell was improperly joined as a defendant, complete diversity between the parties is lacking and this Court has no subject matter jurisdiction based on 28 U.S.C. § 1332.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, February 27, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

6